UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

DAVID T. MORROW,

    Defendant.

Case No. 07-cv-40006-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on a variety of motions filed by defendant David T. Morrow: motion for a new trial (Doc. 434), motion for grand jury transcripts (Docs. 444 & 448), motion for discovery material (Doc. 445), motion for disqualification (Doc. 451) and motion to change publication status (Doc. 452). The Government has responded to some of the motions (Docs. 435, 446, 447). The Court will address each motion in turn, beginning with the request that the Court recuse itself.

**I.    Motion for Disqualification (Doc. 451)**

Morrow asks this judge to recuse himself from further proceedings in this case, including any forthcoming motion under 28 U.S.C. § 2255, pursuant to 28 U.S.C. §§ 144 and § 455(b) on the grounds that the Court showed bias toward the Government and against him (1) in its ruling on the jury instructions, (2) in imposing the same sentence after remand despite considering his medical condition, (3) giving a downward departure to codefendant Robert Harris, (4) admission of certain evidence under Federal Rule of Evidence 404(b), and (5) possibly on other reasons that are not completely clear from Morrow's motion. Morrow attaches his own affidavit stating his belief that the Court has "a personal bias and prejudice against" him and citing examples from court proceedings he claims reflect that bias.

A.     28 U.S.C. § 144

A judge must recuse himself "[w]henever a party . . . makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. An affidavit is not timely unless filed as soon as the movant is aware of the facts establishing the basis for the judge's disqualification. *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993). "An affidavit is sufficient if it avers facts that, if true, would convince a reasonable person that bias exists." *United States v. Balistrieri*, 779 F.2d 1191, 1199 (7th Cir. 1985); *accord O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 989 (7th Cir. 2001). The facts in the affidavit must be stated with particularity and must be definite as to times, places, persons and circumstances. They cannot be mere conclusions, opinions, or rumors. *O'Regan*, 246 F.3d at 989; *Sykes*, 7 F.3d at 1339; *Balistrieri*, 779 F.2d at 1199. The affidavit also must show "that the bias is personal rather than judicial, and that it stems from an extrajudicial source – some source other than what the judge has learned through participation in the case." *Balistrieri*, 779 F.2d at 1199 (citations omitted); *accord Sykes*, 7 F.3d at 1339. All allegations in the affidavit must be taken as true, even if the Court knows them to be false. *Sykes*, 7 F.3d at 1339; *Balistrieri*, 779 F.2d at 1199. Because the statute "is heavily weighed in favor of recusal," its requirements are to be strictly construed to prevent abuse. *Sykes*, 7 F.3d at 1339*; Balistrieri*, 779 F.2d at 1199.

B.     28 U.S.C. § 455(b)

A judge must recuse himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). As with § 144, bias justifying recusal under this statute must arise from an extrajudicial source. *O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 988 (7th Cir. 2001)

"[N]either judicial rulings nor opinions formed by the judge as a result of current or prior proceedings constitute a basis for recusal 'unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *United States v. White*, 582 F.3d 787, 807 (7th Cir. 2009) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)), *cert. denied*, 130 S. Ct. 1542 (2010).

Morrow has not described any bias from an extrajudicial source that could cause a reasonable person to believe that the Court is biased against Morrow or for the Government. Nor has he pointed to any evidence of actual bias or any "deep-seated favoritism or antagonism" that made a fair trial impossible. The Court ruled against Morrow on a number of occasions because he was wrong, not because of any bias. It further rendered some decisions with which Morrow was unhappy, but those decisions were either supported by the appropriate justifications or were corrected when the case was remanded for resentencing. *See United States v. Harris*, 567 F.3d 846, 854-56 (7th Cir. 2009) (remand for resentencing because Court failed to acknowledge consideration of Morrow's medical condition as a mitigating factor in sentencing and for consideration of *Kimbrough v. United States*, 552 U.S. 85 (2007)); *United States v. Morrow*, No. 10-1602, 2011 WL 1460174, at *1 (7th Cir. Apr. 18, 2011) (stating "we are satisfied that the court adequately addressed our concerns on remand"). In the absence of any evidence of bias, the undersigned judge will not recuse himself under 28 U.S.C. §§ 144 or 455(b)(1).

## II.     Motion for a New Trial (Doc. 434)

Morrow asks the Court to give him a new trial pursuant to Federal Rule of Criminal Procedure 33(b)(1) on the grounds that he has newly discovered evidence of "wanton fraud" by the Court and mental incapacity of the undersigned judge. Morrow believes such "evidence"

justifies a new trial with a fair, impartial and competent judge. He makes further unsupported allegations that the Court has colluded with the Government to convict Morrow in areas such as grand jury proceedings, the indictment, the trial, jury instructions and sentencing. He does not point to a single bit of real evidence of facts.

The Government has responded to Morrow's motion (Doc. 435) arguing first that it is untimely and second that it has no merit.

A court may vacate a judgment and grant a defendant a new trial if the interest of justice so requires. Fed. R. Crim. P. 33(a). The decision to grant a new trial is within the Court's discretion. *See United States v. Ervin*, 540 F.3d 623, 630 (7th Cir. 2008), *cert. denied*, 129 S. Ct. 1030 (2009). Where the motion is based on newly discovered evidence, as Morrow's motion is, it must be filed within three years after a guilty verdict. Fed. R. Crim P. 33(b)(1).[1]

In deciding whether to grant a new trial, the Court "may weigh evidence, evaluate credibility, and grant the motion if 'the substantial rights of the defendant have been jeopardized.'" *United States v. Eberhart*, 388 F.3d 1043, 1052 (7th Cir. 2004) (quoting *United States v. Kuzniar*, 881 F.2d 466, 470 (7th Cir. 1989)), *reversed on other grounds*, 546 U.S. 12 (2005). A defendant relying on newly discovered evidence as the basis for his motion for a new trial must show that the evidence "1) came to his knowledge only after trial; 2) could not have been discovered any sooner using due diligence; 3) is material and not merely impeaching or cumulative; and 4) probably would lead to an acquittal in the event of a new trial." *United States v. Hodges*, 315 F.3d 794, 801 (7th Cir. 2003).

---

[1] As Morrow notes in his reply, this period used to be triggered by action in the Court of Appeals, but the 1998 amendments to the Federal Rules of Criminal Procedure changed the triggering event to the entry of a guilty verdict.

Morrow's motion is untimely; it was filed more than three years after the verdict in this case. The jury rendered its verdict on August 22, 2007, and Morrow filed his motion on December 15, 2010. Even if the Court were to apply the mailbox rule of *Houston v. Lack*, 487 U.S. 266, 276 (1988), the motion would be untimely.

Even if Morrow's motion were timely, it has no merit. He has pointed to no supporting evidence, much less any that is material and would probably lead to an acquittal in a new trial. Instead, his complaints are of the same nature as those discussed in the previous section of this order and, as with those arguments, they are without foundation. Morrow is not entitled to a new trial.

### III.     Motion for Grand Jury Transcripts (Doc. 444)

Morrow asks the Court to provide him copies of the grand jury transcripts concerning his case. He believes the grand jury heard evidence improperly obtained from him without the assistance of counsel. The Government's response (Doc. 446) argues Morrow has not provided sufficient justification for disclosure of secret grand jury proceedings.

Morrow is not entitled to production of the grand jury transcripts he seeks. For centuries, grand jury proceedings have been kept secret. *In re EyeCare Physicians of Am.*, 100 F.3d 514, 518 (7th Cir. 1996). The need for secrecy of grand jury proceedings is well documented in federal cases:

> We consistently have recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings. In particular, we have noted several distinct interests served by safeguarding the confidentiality of grand jury proceedings. First, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would

5

> flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule.

*United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 424 (1983) (quoting *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218-19 (1979)).

In light of these concerns, "disclosure is available only where the material is related directly to identifiable litigation, pending or anticipated, and the party requesting the information demonstrates a compelling need for the material." *United States v. Campbell*, 294 F.3d 824, 827 (7th Cir. 2002) (*per curiam*). Accordingly, Rule 6(e)(3)(E) requires a strong showing of particularized and compelling need for grand jury materials before any disclosure will be permitted. *EyeCare Physicians*, 100 F.3d at 518; *United States v. Puglia*, 8 F.3d 478, 480 (7th Cir. 1993); *Lucas v. Turner*, 725 F.2d 1095, 1101 (7th Cir. 1984); *Sells Eng'g*, 463 U.S. at 443. "'Parties seeking grand jury transcripts . . . must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed.'" *EyeCare Physicians*, 100 F.3d at 518 (quoting *Douglas Oil*, 441 U.S. at 222). "Although 'as the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden in showing justification' for their disclosure, the interests in secrecy are 'not eliminated merely because the grand jury has ended its activities.'" *Hernly v. United States*, 832 F.2d 980, 984 (7th Cir. 1987) (quoting *Douglas Oil*, 441 U.S. at 222-23).

Under Rule 6(e)(3)(C)(i), the Court may direct disclosure "preliminarily to or in connection with a judicial proceeding." Under Rule 6(e)(3)(C)(ii), a party seeking disclosure of

grand jury information must show "that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Other provisions for disclosure do not apply in this case.

As a preliminary matter, Morrow has not provided any authority allowing post-judgment inspection of grand jury materials. "A post-judgment motion needs a source of authority for the judge to act, and Fed. R. Crim. P. 6(e), which authorizes motions to inspect grand-jury materials in criminal cases, does not purport to authorize judges to act after the litigation has concluded." *United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005). Morrow's criminal case is over, and he is not currently involved in any pending litigation. Thus, the Court has no authority by virtue of its having presided over this case to allow the defendant the transcript he seeks.

Even if the Court had jurisdiction to decide this motion, Morrow has not made an adequate showing to justify disclosure in this case even though the grand jury that indicted him has been dismissed. Morrow claims a law enforcement agent's testimony about an interview with Morrow that was conducted without counsel in violation of his Sixth Amendment rights was used in front of the grand jury, at trial and at sentencing. There is no judicial proceeding for which he seeks to use the requested transcripts, so disclosure is not warranted under Rule 6(e)(3)(C)(i). Furthermore, Morrow has not shown grounds may exist for dismissal of the indictment, so disclosure is not warranted under Rule 6(e)(3)(C)(ii). Morrow's reasons are simply insufficient to make the strong showing of compelling and particularized need to justify deviation from the normal secrecy of grand jury proceedings.

## IV. Motion for Discovery Material (Doc. 445)

Morrow asks the Court to give him free copies of all the discovery from his criminal case in anticipation of filing a motion under 28 U.S.C. § 2255. The Government argues that there is

7

no current proceeding in which discovery could be useful to Morrow (Doc. 447).

As a preliminary matter, Morrow has not provided any authority allowing the Court to order the production of discovery materials. Morrow's criminal case is over, and he is not currently involved in any pending litigation. Thus, the Court has no authority by virtue of its having presided over this case to allow the defendant the transcript he seeks.

Even if the Court had the authority to decide Morrow's motion, the Court does not possess the discovery Morrow seeks, so it cannot give him free copies of it. More importantly, Morrow is not involved in any pending legal proceeding for which discovery could be useful. Should he ever file a § 2255 motion, he may reapply for discovery pursuant to Rule 6 of the Rules Governing § 2255 Proceedings.

## V.     Motion to Change Publication Status (Doc. 452)

Morrow asks the Court to change the publication status of the proceedings in this case. The Court does not decide which of its decisions are published and which are not. Thus, it has no impact on the publication status of any order. To the extent this may be construed as a request to seal Morrow's entire file, Morrow has not presented sufficient justification for sealing what are presumably public documents. *See Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000).

## VI.    Conclusion

For the foregoing reasons, the Court:

- **DENIES** the motion for a new trial (Doc. 434);
- **DISMISSES** the motion for grand jury transcripts (Docs. 444 & 448);
- **DISMISSES** the motion for discovery material (Doc. 445);
- **DENIES** the motion for disqualification (Doc. 451); and

•	**DENIES** the motion to change publication status (Doc. 452).

**IT IS SO ORDERED.**
**DATED: July 19, 2011**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**