UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>DAVID T. MORROW,<br><br>        Defendant. | Case No. 07-cv-40006-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant David T. Morrow's motion for disclosure of grand jury transcripts he believes will show the Government violated his Sixth Amendment right to counsel by presenting to the grand jury evidence obtained in an interview with him conducted without counsel present (Doc. 465). He has a pending § 2255 motion (No. 11-cv-675-JPG) in which he claims his sentence should be vacated because evidence obtained in violation of his Sixth Amendment right to counsel was used against him.

The Government has responded to Morrow's motion (Doc. 472) advancing several of the reasons the Court used to justify denying an identical motion Morrow filed before he filed his § 2255 motion. The Government also points out that Morrow does not need the grand jury transcripts he seeks because, even if they reflected exactly what Morrow claims they do, there is nothing wrong with presenting illegally obtained evidence *to a grand jury*, as opposed to a petit jury at trial. *See United States v. Calandra,* 414 U.S. 338, 351 (1974). Thus, Morrow does not need grand jury transcripts in his quest for § 2255 relief.

Morrow has replied to the Government's response (Doc. 473) arguing that *Calandra* applies only to evidence obtained in violation of the Fourth Amendment, not the Sixth Amendment.

The Court has set forth the relevant law regarding disclosure of grand jury transcripts in its prior order denying Morrow' prior motion (Doc. 453).  The Court notes now that *Calandra* is not as narrow as Morrow reads it.  *Calandra* held generally that the exclusionary rule does not apply to grand jury proceedings:

> The grand jury's sources of information are widely drawn, and the validity of an indictment is not affected by the character of the evidence considered.  Thus, an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence.

*Id.* at 344-45 (internal citations omitted);  *see United States v. Roth*, 777 F.2d 1200, 1203 (7th Cir. 1985) ("We know therefore that the conviction cannot be overturned by showing that the indictment is founded on inadequate or incompetent evidence, such as . . . evidence procured in violation of the defendant's constitutional rights.").

*Calandra* means even if grand jury transcripts show that illegally obtained evidence was presented to the grand jury, they are useless in a § 2255 proceeding seeking to overturn a conviction on that basis.  Consequently, there can be no "compelling need for the material," *United States v. Campbell*, 294 F.3d 824, 827 (7th Cir. 2002) (*per curiam*), justifying disclosure.  The Court accordingly **DENIES** Morrow's motion (Doc. 465).  Morrow's motion for a ruling on his pending motion (Doc. 470) is hereby rendered **MOOT**.

**IT IS SO ORDERED.**
**DATED:  August 27, 2012**

                s/ J.Phil Gilbert
                **J. PHIL GILBERT**
                **DISTRICT JUDGE**