UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 07-cr-40006-JPG |
| DAVID T. MORROW, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the defendant's motion for a reduction of his criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc. 556). The Court has also considered Morrow's supplements to the motion (Docs. 592 & 593).

The briefing for this request is complicated because the defendant has also asked for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on retroactive amendments to the United States Sentencing Guidelines ("U.S.S.G.") (Doc. 549) and for compassionate release pursuant to § 603(b)(1) of the First Step Act (codified at 18 U.S.C. § 3582(c)(1)(A)) (Doc. 575). Many of the briefs filed in connection with these three requests address one or more of those requests. The Court assures the parties it has considered all their briefs in making the following rulings.

In August 2007, a jury found the defendant guilty on one count of conspiracy to distribute more than 50 grams of crack cocaine and one count of maintaining a residence for the purpose of distributing crack cocaine. It rendered a special verdict finding beyond a reasonable doubt that the defendant conspired to distribute 50 grams or more of crack cocaine (Doc. 111). Because of a prior felony drug conviction, the statutory sentencing range for the conspiracy offense as

charged was 20 years to life in prison followed by at least 10 years of supervised release. *See* 21 U.S.C. §§ 841(b)(1)(A)(iii) & 851 (2007).

At sentencing, the Court adopted the presentence investigation report's relevant conduct finding of 4.88 kilograms of crack cocaine, *see* PSR ¶ 28, which under U.S.S.G. § 2D1.1 (2007) yielded a base offense level of 38. The defendant's offense level was increased by 2 points under U.S.S.G. § 2D1.1(b)(1) because he possessed a dangerous weapon and by 2 points under U.S.S.G. § 3B1.1(c) because the defendant was an organizer, leader, manager or supervisor of criminal activity. This established a total offense level of 42 which, considering the defendant's criminal history category of VI, yielded a sentencing range of 360 months to life in prison. The Court imposed a sentence of 504 months in prison for the conspiracy count and a concurrent sentence of 240 months for the crack house count.

After the Court of Appeals reversed the sentence for an insufficient explanation of the reason for the sentence, the Court resentenced Morrow in March 2010. The only change in the underlying findings was an increase to a 4-point enhancement under U.S.S.G. § 3B1.1(a) because the defendant was an organizer or leader of criminal activity involving five or more participants. This change increased his total offense to 43 (actually 44, but the sentencing table only goes up to 43), where the range is a life sentence. The Court departed downward from the life sentence guideline range and re-imposed the same 504-month sentence.

The defendant now asks the Court to reduce his sentence in light of § 404 of the First Step Act.[1] Section 404 allows the Court to reduce a defendant's sentence for a crack cocaine

---

[1] Section 404 of the First Step Act provides in full:

   (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered

2

offense, but only if the Court had imposed that sentence before another statute—the Fair Sentencing Act—modified the statutory sentencing range for that crack cocaine offense. First Step Act, § 404(b). In essence, the First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges. The authority to reduce a sentence applies only to (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, *i.e.*, certain crack cocaine offenses. *See* First Step Act, § 404(a). Whether to reduce a sentence is at the discretion of the Court and is not required by the First Step Act. First Step Act, § 404(c). In sum, the Court now may, but is not required to, reduce a defendant's sentence if the defendant was sentenced under a statutory penalty provision that was changed by the Fair Sentencing Act. *See United States v. Shaw*, 957

---

offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

(b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

F.3d 734, 739 (7th Cir. 2020) (holding that the statute of conviction alone determines whether the Fair Sentencing Act modified a penalty).   Where another non-covered offense is part of an aggregate sentencing package dependent on a covered offense, the Court may reduce that component of the package as well.   *United States v. Hudson*, 967 F.3d 605, 612 (7th Cir. 2020).

The Court turns to the specifics of the defendant's case.   Morrow's conviction for conspiracy is the type of conviction covered by § 404 of the First Step Act.   He committed the federal offense before August 3, 2010, and the Fair Sentencing Act modified the applicable statutory sentencing range.   As noted above, at the time of Morrow's conviction for conspiracy to distribute more than 50 grams of crack cocaine, the statutory range for that count as charged was 20 years to life followed by no less than 10 years of supervised release.   *See* 21 U.S.C. §§ 841(b)(1)(A)(iii) & 851 (2007).   The Fair Sentencing Act lowered the statutory range for a crime involving 50 grams of crack cocaine (the maximum amount supported by the jury verdict) to 5 to 40 years, increased by a § 851 enhancement to 10 years to life followed by no less than 8 years of supervised release.   21 U.S.C. §§ 841(b)(1)(B)(iii) & 851 (2010).   Because the Fair Sentencing Act modified the penalties for the statute under which the defendant was sentenced, his offense qualifies as a covered offense under the First Step Act.   *See Shaw*, 957 F.3d at 739. Thus, the defendant is eligible for reduction under the First Step Act, subject to the Court's discretion.

In support of a reduction, Morrow notes that applying retroactive U.S.S.G. Amendments would result in a lower guideline sentencing range.   Indeed, he has filed a motion specifically requesting such a reduction under 18 U.S.C. § 3582(c)(2) (Doc. 549).   He asks the Court to depart below that new guideline range just as it departed downward from the life sentence range

4

at his sentencing.   He further asks the Court to note that under additional changes to 21 U.S.C. § 841(b)(1)(B), his prior drug crime would no longer support a § 851 enhancement because it does not qualify as a "serious drug felony" as he did not serve more than twelve months in jail for that conviction.   *See* First Step Act, § 401(a)(1).   He also points to his numerous physical ailments—lupus, gout, sleep apnea, stage three kidney disease, type 2 diabetes, amputation of his left leg and a right toe—which complicate his ability to get around in prison and have left him confined to a wheelchair.   He also notes that since he went to prison in 2007, he has had a good disciplinary history, is no longer involved in criminal drug dealing, and is no longer a danger to society.   He has earned his GED, completed numerous education programs, earned his Associate's Degree in paralegal studies, and completed some work toward a Bachelor's Degree in business.   He has also expressed remorse for the disrespect he showed the Court at his sentencing hearing.

      On the other hand, the Government urges the Court to use its discretion to deny the defendant any reduction primarily because Morrow remains a danger to the community because of his longstanding history of dealing drugs.   It points to his criminal history and the seriousness of his crime—literally, off the chart—which resulted in the recommended guideline sentence of life.   It also notes his lack of remorse in his allocution at his sentencing hearing.

      As a preliminary matter, the Court declines to conduct a plenary resentencing hearing as such a proceeding is not required by the First Step Act.   *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019); *see United States v. Corner*, 967 F.3d 662, 665 (7th Cir. 2020) (*per curiam*; "Courts generally agree that plenary sentencing is not required. . . ."); *United States v. Cooper*, 803 F. App'x 33, 35 (7th Cir. 2020) (declining to find

plain error in not holding plenary resentencing hearing, noting that "nothing in § 404 plainly requires the district court to hold any sort of hearing at all").  Furthermore, to the extent the Court might have discretion to hold a hearing, it declines to do so as the arguments are already well-articulated in the record.

As recommended by the United States Court of Appeals for the Seventh Circuit in *Shaw*, 957 F.3d at 734, 741-42, the Court considers the defendant's pre-sentence and post-sentence conduct, including but not limited to the relevant factors in 18 U.S.C. § 3553(a), in deciding how to exercise its discretion in response to the defendant's request.  Also, although it is not bound to give any reduction based on current statutes, guidelines, or sentencing law, those factors are relevant to its consideration of how to exercise its discretion.  *Corner*, 967 F.3d at 665; *Hudson*, 967 F.3d at 612 (citing *Shaw*, 957 F.3d at 741-42).

Had the defendant been sentenced today, his statutory sentencing range on the conspiracy count would have been 10 years to life in prison under 21 U.S.C. §§ 841(b)(1)(B) and 851.  However, the Court notes that the Fair Sentencing Act also changed the kinds of offenses that qualify for that enhanced range now to only include offenses for which more than 12 months were served in jail.  *See* First Step Act, § 401(a)(1) (codified at 21 U.S.C. § 802(57)).  It appears that Morrow did not spend more than 12 months in prison for the offense used to support his § 851 enhancement, so today that prior felony would not qualify him for the enhanced statutory range, and his sentencing range would be 5 to 40 years in prison.  The First Step Act did not make this change retroactive to defendants sentenced before December 21, 2018, but the Court simply notes it as a factor to be considered.

So given the statutory sentencing range of 10 years to life in prison that would apply to

Morrow under the Fair Sentencing Act, the Court turns to his relevant conduct. Since Morrow's sentencing, the Sentencing Commission has made numerous retroactive amendments to the sentencing guidelines to reduce the disparity between sentences for crack cocaine and powder cocaine offenses and to reduce almost all drug sentences regardless of type of drug. Under those retroactive amendments, which culminated in Amendment 782, Morrow's base offense level for relevant conduct of 4.88 kilograms of crack cocaine would be 34, and his total offense level would be 40. Considering his criminal history category of VI—earned by his criminal history points, not career offender status—his guideline sentencing range would be 360 months to life in prison. This is the appropriate framework in which the Court should consider how to exercise its discretion.

Its prior consideration of the § 3553(a) factors explained at sentencing remains valid. As the Court noted at sentencing, Morrow's crimes were some of the most serious and mercenary the Court has seen. Nevertheless, the Court did not want to sentence Morrow to the advisory guideline range of life, so it departed below that range. Morrow has made the most of his opportunities to improve himself while in prison. He has only committed one disciplinary infraction in prison (in 2012), and he has fully participated in academic, vocational, and drug education programs. He has earned his GED, an Associate's Degree in paralegal studies, and has begun working toward a Bachelor's Degree in business. The Court would be remiss not to note that his health has also declined, making it unlikely he will live to serve the remainder of his sentence of incarceration, which is currently set to end in 2043. He has stage 3 renal disease, a terminal disease, although his end is not expected within the next 18 months. He has a host of other health problems that make living in prison difficult, although he had many of those

problems while he was committing his crimes.

In light of all these factors, the Court uses its discretion to impose a reduced sentence based on the modified statutory sentencing range of the Fair Sentencing Act and in light of the modified guideline sentencing range following U.S.S.G. Amendment 782. While the Court finds Morrow is still a danger to the community, and his current sentence is too high. The Court believes a reduced sentence of 360 months is sufficient but no more than necessary to comply with sentencing purposes as set forth in 18 U.S.C. § 3553. A sentence of 360 months in prison is within the modified statutory sentencing range of 10 years to life established by the Fair Sentencing Act and at the low end of the advisory sentencing range after retroactive application of sentencing guideline amendments. However, the Court declines to reduce Morrow's sentence to below the amended guideline range, as it did with its original sentence. Although it did not—and still does not—believe Morrow should receive a life sentence, considering the relevant § 3553(a) factors, a 360-month sentence reflects appropriate punishment for his crime for the reasons set forth at his original sentencing and in this order.

For the foregoing reasons, the Court **GRANTS** the defendant's motion for a sentence reduction pursuant to the First Step Act (Doc. 556) and will reduce Morrow's sentence on Count 1 to 360 months in prison followed by an 8-year term of supervised release. Because the First Step Act reduction takes into account and incorporates the reduced sentencing range applicable after U.S.S.G. Amendment 782, the Court **DENIES as moot** Morrow's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on retroactive U.S.S.G. amendments (Doc. 549). The Court will enter a separate order in its standard format reflecting this reduction. In light of this ruling, the defendant's motion for clarification is **DENIED as moot** (Doc. 564).

8

The Court will address in a separate order Morrow's request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 575).

**IT IS SO ORDERED.**
**DATED:   November 16, 2020**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**